# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ROBERT N. BROBERG, JR., | Civil No. 15-2657 (JRT/SER) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| UNITED MARKETING GROUP, LLC, | |
| Defendant. | |

---

Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER P.A.**, 367 Commerce Court, Vadnais Heights, MN  55127, for plaintiff.

Kerry C. Raymond, **BEST & FLANAGAN LLP**, 60 South Sixth Street, Suite 2700, Minneapolis, MN  55402, for defendant.

On August 7, 2015, Plaintiff Robert N. Broberg, Jr., commenced this private attorney general consumer action pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*.  (Compl., June 5, 2015, Docket No. 1; *see also* Second Am. Compl., Dec. 3, 2015, Docket No. 29.)  Plaintiff died on December 21, 2015.  (Letter to District Judge ("Lyons Letter"), Dec. 15, 2016, Docket No. 33.)  Plaintiff's son, Robert Broberg, III ("Broberg"), who is located in California, was appointed as the personal representative of Plaintiff's estate.  (*See id.*, Ex. 1.)  On January 4, 2016, Plaintiff's counsel filed a Suggestion of Death Upon the Record, which was personally served upon Broberg on June 20, 2016.  (Suggestion of Death Upon the R., Jan. 4, 2016, Docket No. 31; Lyons Letter, Ex. 2.)

On April 13, 2016, Plaintiff's counsel notified the Court that "this case has settled in its entirety between the parties" and that "documents for dismissal will be filed before the end of the month."  (Letter to Magistrate Judge, Apr. 13, 2016, Docket No. 32.)  Plaintiff's counsel reported that his co-counsel delivered a draft agreement formalizing the settlement to Broberg on April 26, 2016, and that Broberg acknowledged receipt of the draft on May 6, 2016. (Lyons Letter.)  Plaintiff's counsel has since received no direction from Plaintiff's estate as to how to proceed with the settlement, and thus, Plaintiff's counsel never filed documents for dismissal.  (*Id.*)

Federal Rule of Civil Procedure 25, which applies when a party dies during a pending lawsuit, states that "the decedent's successor or representative" may move for substitution of party to take the place of the decedent, "within 90 days after service of a statement noting the death."  Fed. R. Civ. P. 25(a)(1).  If no motion to substitute is filed within the 90-day period, the action "must be dismissed."  *Id.*

Broberg was personally served with the Suggestion of Death Upon the Record on June 20, 2016.  Pursuant to Rule 25, Broberg had 90 days from the date of service of to file a motion for substitution in order to maintain the action on Plaintiff's behalf.  Because Broberg never filed a motion for substitution, the 90-day deadline has passed, and Petitioner's estate has provided no direction to Plaintiff's counsel regarding settlement, the Court will dismiss the action under Rule 25.

Defendant requests that the Court dismiss this litigation with prejudice.  (Letter to District Judge at 2, Dec. 22, 2016, Docket No. 34.)  However, it is unknown why Broberg has not responded to Plaintiff's counsel's efforts at communication, and there has been no

adjudication on the merits.  Thus, the Court will dismiss the action without prejudice. *See Gutierrez v. Gunderson*, No. 04-2627, 2008 WL 170009, at *2 (D. Minn. Jan. 16, 2008) (explaining that where there are ambiguities or difficulties in communication with a decedent's successor or representative and there has been no adjudication on the merits, dismissal without prejudice may be appropriate).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**, each party bearing its own attorney fees, costs, and disbursements.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 3, 2017
at Minneapolis, Minnesota.

s/ John R. Tunheim
_____
JOHN R. TUNHEIM
Chief Judge
United States District Court